IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JULIAN WYNN | : | NO.  08-582 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                       **March 5, 2009**

Julian Wynn was indicted by a grand jury and charged in four counts with two counts of assault on and threat to assault a federal official in violation of 18 U.S.C. § 115(a)(1) (Counts 1 and 2) and two counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 3 and 4).  At the behest of the Defendant, the two mail fraud counts were severed, permitting Counts 1 and 2 to proceed to trial on December 15, 2008.  The jury found Mr. Wynn guilty of Count 1 and not guilty of Count 2.  He now awaits trial on Counts 3 and 4, scheduled to commence on March 23, 2009.

Mr. Wynn is presently confined at the Federal Detention Center in Philadelphia. Philadelphia County authorities have lodged a detainer against Mr. Wynn arising out of charges that he has violated conditions of his release by that jurisdiction.  He was previously denied bail.[1]

---

[1] At a hearing before Magistrate Judge Wells on September 12, 2008, the Government's motion for pretrial detention was granted.  On December 1, 2008, after a bail hearing before this Court, Defendant Wynn withdrew his bail motion.

Mr. Wynn has renewed his request that he be released on bail and proposes to be permitted to live with a relative in New Jersey.  A hearing on Mr. Wynn's current bail request occurred on March 3, 2009.

The Court denies Mr. Wynn's motion for bail for the reasons discussed below.

Because Mr. Wynn stands convicted of one count of forcibly assaulting and threatening to assault an employee of the Internal Revenue Service in violation of 18 U.S.C. § 115 (a)(1)(A), Mr. Wynn may be sentenced to up to 12 months incarceration.[2]  The Guidelines do not recommend a probationary sentence.  Thus, his request for bail must be evaluated pursuant to 18 U.S.C. § 3143(a), without regard to the potential impact of a sentence without incarceration as included in the statute.

Under the law, Mr. Wynn has the burden to persuade the Court by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.  He has not done so.

Mr. Wynn's extensive criminal history - - which includes a number of convictions for crimes demonstrating his difficulty in controlling his temper and in interacting safely and calmly with others in the community - - would be reason enough to give the Court serious pause. However, here we have the added concern (as to which Mr. Wynn has offered no balm at all) about Mr. Wynn's possible motivation to flee.  Mr. Wynn is facing not only a period of incarceration for the crime for which he has been convicted,  but also he must contemplate the

---

[2] Under the Sentencing Guidelines, specifically USSG § 2A2.3(a)(2), § 3A1.2(a) and § 3A1.1(b)(1), Mr. Wynn, with a Criminal History Category of VI, has a Guideline recommended sentence of between 21 and 27 months.  The statutory cap of 12 months ameliorates the Guideline sentence recommendation.

prospects of another trial on serious mail fraud charges and the possibility of even more dire punitive consequences.  Moreover, Mr. Wynn proposes that while he awaits sentencing and another trial he be permitted to live in another, albeit neighboring, state altogether.  These circumstances are hardly what a court considers as "positives" when looking for "clear and convincing evidence" to support the setting of bail attendant to permitting a defendant to be released pending his sentencing.[3]

Moreover, as the Court noted during the March 3 hearing, by asking this Court to order his release on bail given Mr. Wynn's plan to go to live in New Jersey, Mr. Wynn would have the Court issue an order that squarely undermines what, the Court is informed, is demanded of Mr. Wynn by the state criminal law officials, namely, that he physically remain in the City of Philadelphia.  It would not be appropriate for this Court to knowingly, or to appear to be of a mind to, call into question the state court's plan and procedures concerning Mr. Wynn's geographic location.  By the same token, this Court is disinclined to issue an order that, by definition, would either (1) be fruitless or be rendered ineffectual immediately, due to the pre-existing Philadelphia County detainer demanding that Mr. Wynn remain in Philadelphia or (2) appear to be countenancing a violation of state law by authorizing Mr. Wynn to leave the Commonwealth altogether.

---

[3] During the March 3, 2009 hearing, the Court noted that the arguments advanced on behalf of Mr. Wynn appeared to be assuming that the Court was coming to the bail issue assuming that 18 U.S.C. § 3142 applied, i.e., as if Mr. Wynn were facing trial on Counts 3 and 4 without having to acknowledge the reality of his conviction on Count 1 which, of course, requires the application of § 3143.  The arguments on Mr. Wynn's behalf also neatly skipped over the practical effects of the Philadelphia authorities' detainer by which this Court's release of Mr. Wynn on bail would have done no more than trigger the authorities' action on that detainer.

Accordingly, for the foregoing reasons, Mr. Wynn's application for release on bail pending his sentencing is **DENIED.**

BY THE COURT:


 /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge