**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JULIAN WYNN** | : | **NO.  08-582** |


**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                   **March 9, 2009**


Julian Wynn was charged in an indictment with assaulting a federal official (Count 1) and

threatening to assault a federal official (Count 2), in violation of 18 U.S.C. § 115(a)(1)(A) and

(B).  Prior to trial, Mr. Wynn sought to dismiss the charges on the grounds that the victim of Mr.

Wynn's actions did not qualify as a person protected by the specific statute.  Mr. Wynn's motion

was denied.  He again raised a similar argument, which the Court also denied, in connection with

the fashioning of the Court's instructions to the jury at the conclusion of his trial.  The jury

returned a verdict of guilty on Count 1 and of not guilty on Count 2.  Mr. Wynn now moves for a

judgment of acquittal pursuant to Rule 29 on the same grounds, namely, that his victim was not

within the reach of 18 U.S.C. § 115.

For the reasons explained more fully below the Court denies the Rule 29 motion.


**Legal Standard**

Presented with a Rule 29 motion, the Court is obliged to deny the motion and uphold the

jury's verdict if, viewing the evidence in the light most favorable to the Government, a rational

jury could have found the Defendant guilty beyond a reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979); <u>United States v. Bobb</u>, 471 F. 3d 491, 494 (3rd Cir. 2006).  Mr. Wynn has the burden to present the Court with record support for his Rule 29 motion, i.e., that the trial record contains no appropriately admitted evidence from which a rational jury could find that he committed the crime of which he was found guilty.  <u>United States v. Voight</u>, 89 F. 3d 1050, 1080 (3rd Cir. 1996); <u>United States v. McGlory</u>, 968 F. 2d 309, 321(3rd Cir. 1992).  The challenge for Mr. Wynn is considerable: his Rule 29 motion should be granted only if "the prosecution's failure is clear." <u>United States v. Smith</u>, 294 F. 3d 473, 476 (3rd Cir. 2002), quoting <u>United States v. Leon</u>, 739 F. 2d 885, 891 (3rd Cir. 1984).

**<u>Discussion</u>**

Mr. Wynn does not dispute having accosted the victim.  His argument is that his victim was not protected by 18 U.S.C. § 115.  Section 115, in pertinent part, covers threats to assault "an official whose killing would be a crime under 18 U.S.C. § 1114 . . . with intent to impede, intimidate, or interfere with that official while engaged in the performance of his or her official duties, or with the intent to retaliate against that official on account of the performance of his or her official duties."  <u>United States v. Orozco-Santillan</u>, 903 F. 2d 1262, 1265 (9th Cir. 1990). Section 1114, in turn, extends over any "officer <u>or employee</u> of the United States or of <u>any</u> agency in <u>any</u> branch of the United States Government . . . while such officer or employee is engaged in <u>or on account of</u> the performance of official duties." (emphasis added).

The plain language of the statutes makes it abundantly clear that the jury received more than sufficient evidence to find Mr. Wynn guilty.  The jury learned that, having received a letter

from the Internal Revenue Service, Mr. Wynn came to the IRS office at 6th and Market Streets in Philadelphia on September 8, 2008.  Once there, Mr. Wynn quickly became agitated and verbally aggressive when he was assisted by one of the IRS advisory specialists.  As described by Government witnesses, his behavior in the office was such that a supervisor had to intercede. Mr. Wynn's disruptive conduct continued unabated, including shouting, cursing and loudly complaining about the specialist with whom he had been interacting.  Another IRS employee pushed the office duress button to call for help from security guards to deal with Mr. Wynn.  Mr. Wynn was required to leave.  As the jury also learned, however, Mr. Wynn did not let things be.

One of the other employees in the IRS office where Mr. Wynn had acted out - - but who had not interacted directly with him - - took a break and went outside the federal building where she was directly confronted by Mr. Wynn.  According to the victim, at the outset of the assaultive conduct Mr. Wynn stated to her "you started all that sh*t in the office."  The victim testified that she had no other experience with Mr. Wynn other than having been working at her job in the IRS office during his angry scene.  She had not been part of his "business" in the office.  No evidence contradicted the information that the victim was an IRS employee, that Mr. Wynn was abusive and agitated in the very office where the victim worked, that once outside Mr. Wynn recognized the victim from the IRS office and assaulted her.  Mr. Wynn's own words upon confronting the victim was entirely sufficient for the jury to reach the conclusion that Mr. Wynn's assault was "on account of" the victim's employment status and performance of her duties for the Internal Revenue Service.

Accordingly, because the victim was an "employee" of the Internal Revenue Service, came into contact with Mr. Wynn only because of that employment, and was the object of Mr.

3

Wynn's aggression because of her status as an IRS employee, the victim was well within the reach of 18 U.S.C. §§ 115 and 1114, and the jury's verdict was fully supported by the evidence at trial.  Therefore, the Rule 29 motion is denied.


BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JULIAN WYNN** | : | **NO.  08-582** |

**<u>O R D E R</u>**

AND NOW, this 9th day of March, 2009, upon consideration of the Defendant's Renewed

Motion for Judgment of Acquittal Under Rule 29 (Docket No. 53), and the Government's

response (Docket No. 57), it is hereby **ORDERED** that the Motion is **DENIED.**

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge